**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| Mary A. Arnold <br><br> Plaintiff, <br><br> v. <br><br> Medical Data Systems, Inc. <br><br> Defendant. | Case No.:   3:15-cv-104-TCB-RGV <br><br><br> **COMPLAINT** <br> **WITH JURY TRIAL DEMAND** |

**PRELIMINARY STATEMENT**

1. This action for damages is based on Defendant's false reporting on Plaintiff's credit reports, failure to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information, failure to abide by statutory requirements as described in 15 USC § 1681 et. seq. (also known as The Fair Credit Reporting Act, hereinafter referred to as the FCRA) and provisions regarding false communications as contained in 15 USC § 1692 et. seq. (also known as the Fair Debt Collection Practices Act, hereinafter referred to as the FDCPA)

**PARTIES**

2. Plaintiff, Mary A. Arnold (hereinafter "Plaintiff"), is natural person who resides in Coweta County, Georgia and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3. Defendant, Medical Data Systems, Inc. (hereinafter "Medical") is a Florida corporation and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692 a(6).

## JURISDICTION AND VENUE

4. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

5. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and Defendant "resides" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6. On February 9, 2010 the Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 10-10472. The Plaintiff received a discharge of her debts by Order of that Court dated November 20, 2014.

7. Among the debts discharged were two separate debts owing to Medical.

8. The alleged debts were primarily for personal, family or household purposes and were therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or about March 27, 2015 Plaintiff obtained a copy of her credit report as published by Experian.

10. That report contained erroneous information as provided by Medical and published and reported by Experian. Specifically, Defendant reported that Plaintiff had two past due accounts, that the accounts both had balances due and owing, and that the accounts were in collection status.

11. The information described above was both false and misleading.

12. In a letter dated May 18, 2015, Plaintiff disputed the inaccurate and misleading information to Experian and Defendant and advised both Experian and Defendant of the specific facts that rendered the reporting inaccurate and misleading.

13. Upon information and belief, Experian timely notified Defendant of the Plaintiff's dispute in accordance with 11 U.S.C. § 1681i.

14. Thereafter Plaintiff received from Experian a "reinvestigation report" dated May 29, 2015 (hereinafter the "Report"). In the Report Experian advised Plaintiff that it had researched Plaintiff's dispute and that the items were being reported correctly. Experian provided a copy of the tradeline as reported that reproduced the errors identified by the Plaintiff in her original dispute letter. A copy of this report is attached as Exhibit A.

15. Despite receiving actual notice of Plaintiff's dispute from both Experian and Plaintiff, there is no indication in the tradeline of the "verified" report that the Plaintiff has disputed the information as reported by Defendant and published by Experian.

16. Defendant's reporting of the subject accounts to one or more credit bureaus was an attempt to collect the debt.

17. Defendant had an affirmative duty to report to any third parties that the alleged debts it was attempting to collect were disputed by the Plaintiff

18. Defendant failed to perform the duty described above.

19. The failure to report that the alleged debts were disputed rendered the report materially false and misleading.

20. Defendant had an affirmative duty to independently investigate the dispute submitted by the plaintiff and to accurately report the trade line information.

21. Defendant is responsible for following reasonable procedures to assure maximum possible accuracy whenever it furnishes information for consumer reports.

22. Defendant breached its duties as described above.

23. Due to Defendant's failures to conduct a reasonable investigation of Plaintiff's disputes, the information on Plaintiff's credit reports was not appropriately deleted or modified.

24. As a result of Defendant's actions and omissions, Plaintiff has suffered actual damages, including without limitation suppression of her credit score, out-of-pocket expenses, and emotional distress.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, ACCOUNT ONE
### 15 U.S.C. § 1681s-2(b)

26. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

27. With respect to both disputed debts/accounts, Defendant willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation upon receiving notice of plaintiff's dispute from one or more consumer reporting agencies, and/or by failing to appropriately report the results of its investigation, and/or by failing to appropriately modify, delete, and/or block the information.

28. As a result of defendant's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to suppression of her credit score, out-of-pocket expenses, detriment

to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

29. Defendant's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages for both disputed debts/accounts pursuant to 15 U.S.C. § 1681n.

30. Plaintiff is entitled to recover costs and attorney's fees from defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, ACCOUNT ONE
### 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)

31. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

32. Defendant's foregoing actions and omissions in connection with its attempts to collect the two separate alleged debts violated numerous and multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

33. As a result of defendant's violations of the FDCPA, plaintiff has suffered actual damages not limited to suppression of her credit score, out-of-pocket expenses, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

34. Under 15 U.S.C. § 1692k, plaintiff is also entitled to recover from defendant $1,000 in statutory damages for each violation and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

   a.) Plaintiff's actual damages;

   b.) Punitive and/or statutory damages for both disputed debts/accounts pursuant to 15 U.S.C. § 1681n;

    c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

    d.) Statutory damages for both disputed debts/accounts pursuant to 15 U.S.C. § 1692k;

    e.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

    f.) Such other and further relief as may be just and proper.

Respectfully submitted this 17 day of June, 2015.

                                            */s/ Matthew T. Berry*
                                            Plaintiff's Attorney
                                            Matthew T. Berry, Bar No.: 055663
                                            Berry & Associates
                                            2751 Buford Highway, Suite 400
                                            Atlanta, GA 30324
                                            Ph. (404) 235-3334
                                            Fax (404) 235-3333
                                            matt@mattberry.com